J-S16035-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: M.S., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: M.S., MINOR | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 2045 EDA 2023 |

Appeal from the Dispositional Order Entered June 29, 2023
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-JV-0000368-2021

BEFORE:   STABILE, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                     **FILED MAY 31, 2024**

Appellant, M.S., a minor, appeals from the dispositional order entered on June 29, 2023, placing him on probation following his adjudication of delinquency on two counts of aggravated indecent assault and two counts of indecent assault.[1]  After a careful review, we affirm.

The relevant facts and procedural history are as follows: On December 21, 2021, West Whiteland Township Police Detective Michael Buchman filed written allegations against Appellant for two counts of aggravated indecent assault and two counts of indecent assault.  Therein, Detective Buchman indicated that, on December 2, 2021, the minor victim, V.K., arrived at the

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3125 and 3126, respectively,

police station and reported that, on November 26, 2021, she had been sexually assaulted by Appellant in her living room. On March 7, 2022, the Commonwealth filed a delinquency petition under the Juvenile Act, 42 Pa.C.S.A. §§ 6301–6357, against Appellant charging him with the aforementioned offenses.

On June 8, 2022, following a hearing, the juvenile court filed an adjudicatory hearing order. Therein, the juvenile court indicated that "[t]he Juvenile has not admitted to any of the offenses alleged in the petition." Order, filed 6/8/22, at 1. The juvenile court indicated the matter would proceed to a formal adjudicatory hearing, and on February 16 and 17, 2023, the juvenile court held a formal hearing at which V.K. testified. Appellant, represented by counsel, testified in his defense, and he offered a version of events, which was substantially contrary to V.K.'s version.

On February 21, 2023, after the formal hearing, the juvenile court filed an adjudicatory hearing order indicating the "Commonwealth has met its burden" and holding Appellant had committed the delinquent acts alleged in the Commonwealth's petition. Order, filed 2/21/23, at 2. The juvenile court deferred the determination of whether Appellant was in need of treatment, supervision, or rehabilitation.

On April 28, 2022, Appellant proceeded to a hearing. In light of the juvenile court's determination that the Commonwealth had met its burden of proving Appellant committed the delinquent acts, Appellant's counsel

- 2 -

indicated he would not dispute that Appellant was in need of treatment, supervision, or rehabilitation. N.T., 4/28/22, at 2-3. By order entered on May 1, 2023, the juvenile court filed an order indicating "[t]he Juvenile is in need of treatment, supervision or rehabilitation." Order, filed 4/26/23, at 1. The matter proceeded to a dispositional hearing on June 29, 2023, and the juvenile court filed an order that same day placing Appellant on formal probation with various conditions. Represented by newly retained counsel, Appellant filed the instant timely appeal.

On appeal, Appellant sets forth the following issues in his "Statement of Questions Presented" (verbatim):

1. Was M.S.'s admission knowing, voluntary, and intelligent?
2. Was the record sufficient for the juvenile court to determine that M.S. needed treatment, supervision, and rehabilitation?

Appellant's Brief at 2 (answers omitted).

In his first issue, Appellant contends the juvenile court erred in failing to abide by the requirements of Pa.R.J.C.P. 407(A)(1).[2] Aside from quoting Rule 407 and its Comment, Appellant's entire appellate argument is as follows:

---

[2] The Rule relevantly provides:
**Rule 407. Admissions.**
**A. Admissions.** At any time after a petition is filed, the juvenile may tender an admission to some or all of the delinquent acts charged.
(1) *Requirements.*
*(Footnote Continued Next Page)*

The juvenile court erred and abused its discretion in determining that [Appellant's] admission was knowing, intelligent, and voluntary. Therefore, this Court should vacate the dispositional order, reverse the adjudication of delinquency, and remand the case.

Under Pa.R.J.C.P. 407(A)(1), a juvenile court must determine on the record whether a juvenile's admission is tendered knowingly, intelligently, and voluntarily by conducting an independent inquiry.

\*\*\*

Here, the juvenile court erred under Rule 407 because the record does not indicate that the court conducted a sufficient independent inquiry to support its determination that [Appellant's] admission was knowing, intelligent, and voluntary. Therefore, this Court should vacate the dispositional order, reverse the adjudication of delinquency, and remand the case.

Appellant's Brief at 5-7.

Aside from this conclusory argument, Appellant has failed to develop the argument on appeal. Initially, we note Appellant has not referenced that place in the record where he made admissions, the juvenile court conducted an independent inquiry, or Appellant objected to the alleged deficient inquiry.

---

(a) Before the court can accept an admission, the court shall determine that the admission is knowingly, intelligently, and voluntarily made.

Pa.R.J.C.P. 407(A)(1)(a) (emphasis in original). Pa.R.J.C.P. 407(A)(1)(c) provides that, when the juvenile tenders an admission under Rule 407(A)(1)(a), the juvenile court shall conduct an independent inquiry to determine the juvenile's understanding of five areas of concern. Pa.R.J.C.P. 407(A)(1)(c)(i)-(v).

It is well-settled that an appellant must point to that place in the record where issues have been preserved. ***See*** Pa.R.A.P. 2117(c),[3] 2119(e). Further, it is well-settled that an appellant must set forth citations to the place in the record where the matter referred to appears, as well as develop the issue with citation to relevant authorities. ***See*** Pa.R.A.P. 2119(b), (c). Here, Appellant has not set forth where he made an alleged admission, which would fall under the auspices of Pa.R.J.C.P. 407(A)(1), or where the juvenile court conducted its inquiry. Further, aside from quoting Pa.R.J.C.P. 407 and its Comment, Appellant has failed to cite any relevant authority analyzing his claim. ***See*** Pa.R.A.P. 2119(b).

Simply put, particularly given that the juvenile court held a formal hearing at which Appellant specifically contended he did not commit "some or all of the delinquent acts charged," Appellant has failed to explain how Rule

---

[3] Notably, Pa.R.A.P. 2117 sets forth the requirements for the "Statement of the Case" in an appellant's brief. Specifically, the Rule provides that the "Statement of the Case" must include, *inter alia*, a brief procedural history, a condensed chronological statement of facts, and a statement of the place raising or preserving issues. ***See*** Pa.R.A.P. 2117. In the case *sub judice*, Appellant's entire "Statement of the Case" is as follows (verbatim):

> M.S. was arrested and charged with two counts[1] of aggravated indecent assault and two counts[2] of indecent assault. The juvenile court adjudicated him delinquent and placed him on probation.
>
> 1 18 PA. Cons. Stat. § 3125(A)(1) and (4).
> 2 18 PA. Cons. Stat. § 3126(A)(1) and (4).

Appellant's Brief at 3 (footnotes in original). As is evident, Appellant's "Statement of the Case" sheds no meaningful light on Appellant's issues.

- 5 -

407 is applicable to his case.[4]  Also, to the extent the juvenile court was required to conduct an independent inquiry under Rule 407(A)(1)(c)(i)-(v), Appellant has not explained in what manner the juvenile court's independent inquiry was deficient.  Simply put, aside from contending the juvenile court erred in failing to abide by Rule 407(A)(1), Appellant has not developed his argument in any meaningful fashion.  It is not this Court's duty to develop arguments for an appellant.  *See Commonwealth v. Hardy*, 918 A.2d 766 (Pa.Super. 2007).  Thus, we decline to address this issue further.

In his second issue, Appellant contends the juvenile court erred in finding he was in need of treatment, supervision, or rehabilitation.  Specifically, Appellant contends that, since the juvenile court did not conduct an independent inquiry when he entered an admission to some or all of the

_____

[4] The Juvenile Act relevantly provides that "[f]irst, the court is to hold an adjudicatory hearing, governed by Rule 406 or receive an admission from the juvenile of the allegations, governed by Rule 407." Pa.R.J.C.P. 401. As indicated *supra*, in the case *sub judice*, the juvenile court held an adjudicatory hearing in accordance with Rule 406. "Second, after hearing the evidence or receiving an admission, the court is to rule on the offenses pursuant to Rule 408, stating with particularity the grading and counts of each offense." Pa.R.J.C.P. 401.  Here, the juvenile court ruled the Commonwealth met its burden, as well as stated the grading and counts. "Third, after ruling on the offenses or entering its findings, the court is to determine if the juvenile is in need of treatment, supervision, or rehabilitation pursuant to Rule 409." Pa.R.J.C.P. 401.  Here, Appellant's counsel did not dispute that Appellant was in need of treatment, supervision, or rehabilitation, and the juvenile court so held.  The juvenile court then held a dispositional hearing as provided for in Rule 512 and entered a dispositional order pursuant to Rule 515.

delinquent acts, there was no lawful reason for the juvenile court to find that he was in need of treatment, supervision, or rehabilitation.

As is evident, Appellant's second issue is premised on this Court finding merit to his first issue. However, as indicated *supra*, Appellant has not adequately developed an argument in support of his first issue. Accordingly, we decline to address this issue further.

For all of the foregoing reasons, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/31/2024